IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Center for Science in the Public Interest**, § | |
| § | |
| Plaintiff, § | |
| v.  § | Civil Action No. 07-CV-1092 (RJL) |
| § | |
| **Burger King Corporation**, § | Judge Richard J. Leon |
| § | |
| Defendant. § | |

### REPLY IN SUPPORT OF MOTION TO REMAND

The Center for Science in the Public Interest ("CSPI") moved to remand this matter to the Superior Court for the District of Columbia.[1] CSPI's Motion to Remand addresses several grounds for remand, and CSPI will not reiterate them in this Reply. Instead, CSPI focuses on a single point of law that both parties agree is determinative.

The Court must remand this case to the Superior Court because it lacks subject matter jurisdiction. In its opposition to remand, defendant Burger King Corporation ("Burger King") repeats the request it makes in its Motion to Dismiss — that the Court dismiss the case under D.C. law.

Burger King can't have its cake and eat it too – if this case does not belong in federal court, the Court may not proceed to rule on the merits.

Precedent in the Court uniformly holds that a plaintiff who sues in a representational capacity under the D.C. Consumer Protection Procedures Act ("DCCPPA") does not have Article III standing.[2]

---

[1] Doc. 8, filed July 18, 2007.

[2] *Williams v. Purdue Pharma Co.*, 297 F.Supp.2d 171, 177 (D.D.C. 2003); *Hoyte v. Yum! Brands, Inc.*, 2007 WL 1302590, *1 (D.D.C. 2007). *See also Randolph v. ING Life Ins. and Annuity Co.*, 486 F.Supp.2d 1, 6-8 (D.D.C. 2007).

CSPI does not agree with this view of Article III standing,[3] but will not attempt to swim upstream by arguing against this precedent.

However, another precedent of the Court reflects 28 U.S.C. §1447(c) and commands: "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case."[4] Remand makes sound jurisprudential sense in light of the fact that federal courts are courts of limited jurisdiction.

Burger King improperly attempts to bootstrap CSPI's acknowledgment that the Court's precedent denies CSPI Article III standing into a concession that is determinative of the merits. This bootstrapping provides no justification for any substantive decision by the Court; a court that lacks jurisdiction over a case cannot issue any ruling on its merits.[5]

---

[3]  The District of Columbia amended the DCCPPA to expand standing requirements and allow a representational plaintiff to bring an action on behalf of the public. The plain language of the DCCPPA is clear; it applies "whether or not any consumer is in fact misled, deceived or damaged thereby." D.C. Code §28-3904. Although CSPI does not seek compensatory damages for individual persons, it does allege that Burger King's practices have caused tangible, cognizable injury to members of the public. Specifically, CSPI alleges that Burger King's products harm consumers due to their unconscionable trans fat content, and that Burger King fails to warn consumers of this danger. Complaint at ¶¶35-44. These allegations suffice for an injury under the DCCPPA. Burger King presents a misguided application of *Williams v. Purdue*. That case involved a merely prospective injury, as opposed to the actual harm caused here by the consumption of Burger King's products. Doc 17 at 3. Similarly, Burger King's reference (Doc 17 at 4, 6-7) to the Superior Court decision in *Randolph* is inapplicable. That case involved neither an actual injury nor representational standing under the DCCPPA. These arguments are no more than an attempt to distract the Court from the fact that Court precedent requires remand of this case.

[4]  *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); accord, *Randolph, supra,* 486 F.Supp.2d 1, 6-8 (D.D.C. 2007).

[5]  Burger King does not cite any relevant legal authority for the application of a "futility exception" in this matter. Doc 17 at 6-7. To the contrary, cases that direct remand for lack of federal standing do not recognize (or expressly reject) the "futility exception." *See, e.g., Republic of Venezuela, supra,* 287 F.3d at 196; accord, *Randolph, surpa,* 486 F.Supp.2d at 6-8. *See also*, 28 U.S.C. §1447(c). Burger King's reference to the Superior Court's dismissal of *Randolph v. ING Life Ins. & Annuity* exemplifies this point; there, the Court refused to overstep its jurisdictional bounds to rule on the merits of an action that belonged in Superior Court. Doc 17 at 6-7.

Just as CSPI is bound by the Court's prior jurisprudence on representational standing, Burger King is bound by the Court's prior jurisprudence on remand.

Accordingly, any decision regarding the substance of this action must be made by the Superior Court of the District of Columbia, and CSPI respectfully requests that the Court remand this action to the Superior Court for the District of Columbia.

                Respectfully submitted,

Of Counsel:
**Center for Science in the Public Interest**
Stephen Gardner, Director of Litigation
(D.C. Bar No. 500296)
Kate Campbell, Staff Attorney
5646 Milton St., Ste. 211
Dallas, Texas 75206
Telephone: 214-827-2774
Facsimile: 214-827-2787

Of Counsel:
**CHAVEZ & GERTLER LLP**
Mark A. Chavez (Cal. Bar No. 90858)
Nance F. Becker (Cal. Bar No. 99292)
Daniel Swerdlin (Cal. Bar No. 243452)
42 Miller Avenue
Mill Valley, CA 94941
Telephone: 415-381-5599
Facsimile: 415-381-5572

**CHAVEZ & GERTLER LLP**
Steven N. Berk
(D.C. Bar No. 432874)
1225 Fifteenth Street NW
Washington, D.C. 20005
Telephone: 202-232-7550
Facsimile: 202-232-7556

Attorneys for Center for Science in the Public Interest
By:

      /s/
Steven N. Berk

## CERTIFICATE OF SERVICE

A copy of the foregoing was served August 29, 2007, using the Court's CM/ECF system, on counsel for defendant.

      /s/
Steven N. Berk