IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR SCIENCE IN THE PUBLIC INTEREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:07-cv-01092 |
| v. | ) | (RJL) |
| | ) | |
| BURGER KING CORPORATION, | ) | Judge Richard J. Leon |
| | ) | |
| Defendant. | ) | |
| | ) | |

REPLY STATEMENT OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF
BURGER KING CORPORATION'S MOTION TO DISMISS

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, N.Y. 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

555 12th St., N.W.
Suite 1100E
Washington, D.C. 20004
Tel: (202) 383-8000
Fax: (202) 383-8118

Attorneys for Defendant Burger King Corporation

Dated: August 29, 2007

## Table of Contents

Page

ARGUMENT ..................................................................................................................1

I.      The Complaint Should Be Dismissed Because CSPI Has Not Alleged Any Injury-
        In-Fact And Therefore Lacks Standing Under The DCCPPA.............................................1

II.     The Complaint Should Be Dismissed For The Many Other Reasons Set Forth In
        Burger King's Opening Brief.................................................................................3

CONCLUSION.............................................................................................................5

<u>Table of Authorities</u>

<u>Page</u>

**FEDERAL CASES**

<u>Hoyte v. Yum! Brands, Inc.</u>, 489 F. Supp. 2d 24 (D.D.C. 2007) ........................................3

<u>Randolph v. ING Life Ins. & Annuity Co.</u>, 486 F. Supp. 2d 1 (D.D.C. 2007)....................3

<u>Williams v. Purdue Pharma Co.</u>, 297 F. Supp. 2d 171 (D.D.C. 2003) ...............................3

**STATE CASES**

<u>Friends of Tilden Park v. District of Columbia</u>, 806 A.2d 1201 (D.C. 2002) ....................2

<u>Hakki v. Zima Co.</u>, No. 03-9183, 2006 WL 852126 (D.C. Super. Ct. 2006)......................3

<u>Randolph v. ING Life Ins. & Annuity Co.</u>, No. 06 CA4932, Order dated June 13, 2007
    (D.C. Sup. Ct. 2007).................................................................................................2, 3

REPLY STATEMENT OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF BURGER KING CORPORATION'S MOTION TO DISMISS

Defendant Burger King Corporation ("Burger King") submits this Reply Statement of Points and Authorities in further support of its motion to dismiss the Complaint of plaintiff Center for Science in the Public Interest ("plaintiff" or "CSPI"), dated May 16, 2007 (the "Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

ARGUMENT

I.    The Complaint Should Be Dismissed Because CSPI Has Not Alleged Any Injury-In-Fact And Therefore Lacks Standing Under The DCCPPA.

CSPI is playing games with this Court.  In its opposition brief, CSPI does not attempt to rebut any of Burger King's substantive arguments in support of dismissal.  Instead, CSPI announces that it "does not challenge Defendant's assertion that the District Court lacks jurisdiction over this action" and that it "will reserve its substantive arguments about the merits of its claims until this matter is properly before the Superior Court."[1]  However, Burger King did not move to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.  Instead, Burger King filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim, on a variety of grounds, including CSPI's lack of standing under the DCCPPA.

CSPI does not respond with any argument that either it or any of its members have suffered any legally cognizable "injury-in-fact."  Instead, CSPI concedes that it lacks "Article III injury in fact" but contends that it nevertheless has standing to pursue its claims in D.C. Superior

---

[1]    Plaintiff's Statement of Points and Authorities in Opposition to Defendant's Motion to Dismiss ("CSPI Mem.") at 1.  CSPI then devotes most of its short memorandum to criticism of Burger King that reads more like a press release than a legal brief.  Notably, CSPI does not question the accuracy of Burger King's disclosures of the trans fat content of its menu items.

Court under a theory of "representational" standing.  CSPI Mem. at 7.  This argument is a

smokescreen.  As set forth in Burger King's Opposition to Plaintiff's Motion to Remand, federal

courts, like the District of Columbia courts, recognize associational standing in certain

circumstances when the plaintiff organization properly alleges injury-in-fact to the members

whom the organization purports to represent.  Indeed, the District of Columbia courts, although

Article I courts, apply the same standing requirements as federal Article III courts, including the

existence of an injury-in-fact.  See Friends of Tilden Park v. District of Columbia, 806 A.2d

1201, 1207 (D.C. 2002); Randolph v. ING Life Ins. & Annuity Co., No. 06 CA4932, Order dated

June 13, 2007, at 7-8 (D.C. Sup. Ct. 2007).  CSPI offers no argument or authority that the

District of Columbia's standing requirements differ from the federal standing requirements, nor

does CSPI argue that it has met those standing requirements.  Accordingly, CSPI's Complaint

should be dismissed.

The parties appear to view this issue from different sides of the same coin.  CSPI's failure

to allege that it or its members have suffered any injury-in-fact means that it lacks standing under

the DCCPPA, and that is properly the basis of a motion to dismiss the Complaint pursuant to

Rule 12(b)(6).  The same failure by CSPI constitutes a failure to meet constitutional standing

requirements and warrants dismissal of the Complaint for lack of subject-matter jurisdiction

pursuant to Rule 12(b)(1).  Since this Court, in deciding one issue, necessarily will resolve the

other, the proper course is to dismiss the case rather than remand it to Superior Court.  A remand

will only lead to the same waste of judicial resources that occurred in Randolph, in which the

Superior Court, on remand, agreed with the District Court that the plaintiffs lacked standing and

thereupon dismissed the complaint.[2]  No. 06 CA4932, Order dated June 13, 2007, at 8 (D.C. Sup. Ct. 2007).

When CSPI, in its capacity as counsel for the named plaintiff, recently brought essentially the same lawsuit against KFC, Judge Robertson dismissed the case for lack of standing.  See Hoyte v. Yum! Brands, Inc., 489 F. Supp. 2d 24, 28-29 (D.D.C. 2007); see also Williams v. Purdue Pharma Co., 297 F. Supp. 2d 171, 176-78 (D.D.C. 2003) (dismissing DCCPPA claims for lack of standing where plaintiffs had not alleged any injury-in-fact) Hakki v. Zima Co., No. 03-9183, 2006 WL 852126, at *2 (D.C. Super. Ct. 2006) (dismissing complaint for plaintiff's failure to "plead an injury in fact to a legally protected interest that is particular to him.").  The arguments against standing here are the same as in Hoyte.  In Hoyte, CSPI acted as counsel for a named plaintiff who allegedly ate food at KFC restaurants and sought injunctive relief in addition to monetary damages.  Here, CSPI sues for injunctive relief on behalf of its members.  However, in neither case has CSPI alleged that those it represents incurred any personal or economic injury-in-fact.  Therefore, like Hoyte, this case should be dismissed for lack of standing.

II.     The Complaint Should Be Dismissed For The Many Other Reasons
        Set Forth In Burger King's Opening Brief.

In its opening brief, Burger King set forth several grounds for dismissal in addition to CSPI's lack of standing.  Specifically:

- Contrary to CSPI's allegations, Burger King has no duty, under either the DCCPPA or the law of implied warranty, to affirmatively disclose the trans fat content of its food.  Indeed, CSPI does not contest that the D.C. Council twice recently declined to adopt as D.C. law the very trans fat disclosure requirements

---

[2]     In opposing this motion, CSPI again cites the decision of the District Court to remand the Randolph case, 486 F. Supp. 2d 1, 25-28 (D.D.C. 2007), but does not bother to apprise this Court of the subsequent history of that case.

3

that CSPI now seeks to impose through this litigation, as it did in <u>Hoyte</u>. Moreover, the District has adopted as its own law the federal nutritional labeling requirements that do not impose any duty on restaurateurs to notify consumers of the ingredients or nutrient content of their food.

- CSPI's implied warranty claim should be dismissed because CSPI has pled no facts indicating that Burger King's food falls short of the standard of merchantability.

- CSPI's "deception" claim should be dismissed because the alleged nondisclosure of trans fat content by Burger King does not "tend to mislead" consumers into believing that the food is free of trans fat. Moreover, Burger King <u>does</u> disclose the trans fat content of its food, both in informational posters in its restaurants and on its website.

- Federal law preempts CSPI's claims.

CSPI fails to respond to any of these arguments. Accordingly, for each of these additional reasons, which are described in detail in Burger King's opening brief, the Complaint should be dismissed.

CONCLUSION

For the foregoing reasons and those set forth in Burger King's opening brief, the

Complaint should be dismissed in its entirety, with prejudice.

Dated: New York, New York            Respectfully submitted,
       August 29, 2007

                                      DEBEVOISE & PLIMPTON LLP

                                      /s/ Roger E. Podesta
                                      By: Roger E. Podesta
                                          (admitted pro hac vice)
                                          Erich O. Grosz
                                          (admitted pro hac vice)

                                      919 Third Avenue
                                      New York, N.Y. 10022
                                      Tel: (212) 909-6000
                                      Fax: (212) 909-6836

                                      /s/ Ada Fernandez Johnson
                                      By: Ada Fernandez Johnson
                                          (Bar No. 463296)

                                      555 12th St., N.W.
                                      Suite 1100E
                                      Washington, D.C. 20004
                                      Tel: (202) 383-8000
                                      Fax: (202) 383-8118

                                      Attorneys for Defendant Burger King Corporation