IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Science in the Public Interest )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Burger King Corporation )<br>)<br>Defendant. ) | )<br>)<br>)<br>) Civil Action No. 1:07-cv-01092<br>) (RJL)<br>)<br>)<br>)<br>) |

## JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Counsel for the parties conferred by telephone and email beginning on August 20, 2007, and submit the following joint report of their conference pursuant to Local Rule 16.3.

Two dispositive motions have been fully briefed and are now before this Court: Plaintiff Center for Science in the Public Interest ("CSPI") has moved to remand this case to D.C. Superior Court, and Defendant Burger King Corporation ("Burger King") has moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). If either motion is granted, this case will no longer be before this Court. Accordingly, the parties propose to stay all discovery until the pending motions have been resolved by this Court. The parties also have agreed that in the event that both pending motions are denied, the parties will promptly confer and submit to the Court a proposed discovery plan.

The parties report the following with regard to the matters listed in paragraph (c) of Local Rule 16.3.

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties agree that the case is likely to be disposed of by the dispositive motions already filed. The parties further recommend that discovery and all other matters should await decisions on the pending motions.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The parties agree that in the event that both pending motions are denied, the parties will promptly confer and submit to the Court a proposed discovery plan that includes dates by which other parties shall be joined and pleadings amended.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to the assignment of this case to a magistrate judge.

**(4) Whether there is a realistic possibility of settling the case.**

CSPI is open to discussing an early resolution of this matter and believes a reasonable compromise can be reached to the benefit of all parties. Burger King does not believe there is a realistic possibility of settling the case at this time.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR) ….**

The parties have not yet decided whether ADR would be beneficial. At this time, the parties agree that ADR is not appropriate.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss ….**

Burger King's motion to dismiss has been fully briefed, and Burger King believes this case should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). CSPI opposes that motion. The parties have not yet begun discovery and do not yet have positions on summary judgment.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R. Civ. P. ….**

The parties have agreed to defer initial Rule 26(a)(1) disclosures pending the outcome of the remand and dismissal motions.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery ….**

The parties have agreed to stay all discovery until the pending motions have been resolved by this Court. The parties also have agreed that in the event that both pending motions are denied, the parties will promptly confer and submit to the Court a proposed discovery plan.

**(9) Whether the exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

The parties have agreed to stay all discovery until the pending motions have been resolved by this Court. The parties also have agreed that in the event that both pending motions are denied, the parties will promptly confer and submit to the Court a proposed discovery plan.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings ….**

This case is not a class action, and this provision is therefore inapplicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties have agreed to stay all discovery until the pending motions have been resolved by this Court. The parties also have agreed that in the event that both pending motions are denied, the parties will promptly confer and submit to the Court a proposed discovery plan. The parties do not yet have a position on bifurcation of trial.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties also have agreed that in the event that both pending motions are denied, the parties will promptly confer and submit to the Court a proposed discovery plan, including a proposed date for the pretrial conference.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should not set a trial date at the first scheduling conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have no other matters to propose for inclusion at this time.

Respectfully Submitted,                                    Dated: August 30, 2007

| DEBEVOISE & PLIMPTON LLP | CHAVEZ & GERTLER LLP |
|---|---|
| /s/_____Erich O. Grosz_____<br>By:    Roger E. Podesta<br>         Erich O. Grosz<br>         (admitted pro hac vice)<br><br>919 Third Avenue<br>New York, New York 10022<br>Tel:    (212) 909-6000<br>Fax:   (212) 909-6836<br><br>/s/_____Ada Fernandez Johnson___<br>By:    Ada Fernandez Johnson<br>         (Bar No. 463296)<br><br>555 12th St., NW<br>Suite 1100E<br>Washington, D.C. 20004<br>Tel:    (202) 383-8000<br>Fax:   (212) 383-8118<br><br>*Attorneys for Defendant Burger King Corporation* | /s/   Steven N. Berk_____<br>By:  Steven N. Berk<br>        (Bar No. 432874)<br><br>1225 Fifteenth Street NW<br>Washington, D.C. 20005<br>Tel:   (202) 232-7550<br>Fax:   (202) 232-7556<br><br>Of Counsel:<br><br>CENTER FOR SCIENCE IN THE PUBLIC INTEREST<br>Stephen Gardner, Director of Litigation<br>(Bar No. 500296)<br>5646 Milton St., Ste. 211<br>Dallas, TX  75206<br>Tel:  (214) 827-2774<br>Fax:  (214) 827-2787<br><br>*Attorneys for Plaintiff Center for Science in the Public Interest* |