UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CENTER FOR SCIENCE IN THE      )
PUBLIC INTEREST,               )
                               )
         Plaintiff,            )
                               )
     v.                        )   Civil Case No. 07-1092 (RJL)
                               )
BURGER KING CORP.,             )
                               )
         Defendant.            )
                               )

### MEMORANDUM OPINION
(February 19, 2008) [#8, 9]

Plaintiff, the Center for Science in the Public Interest ("CSPI" or "plaintiff"), has sued the Burger King Corporation ("Burger King" or "defendant"), alleging that Burger King's use of trans fats in its products constitutes misrepresentation in violation of D.C. Code § 28-3904(f) and breach of an implied warranty of merchantability in violation of D.C. Code § 28:2-312-18. The case was removed to this Court from the Superior Court of the District of Columbia ("D.C. Superior Court") on June 15, 2007. Plaintiff has moved to remand, defendant has moved to dismiss. Upon consideration of plaintiff's motion to remand, defendant's motion to dismiss, and the entire record herein, the Court GRANTS plaintiff's motion to remand and DENIES as moot defendant's motion to dismiss.

## BACKGROUND

CSPI is a non-profit organization based in Washington, D.C. that advocates for increased nutrition, health and food safety. (Compl. ¶ 13.) Defendant is one of the largest fast food restaurant chains in the United States. (*Id.* at ¶ 27.) A portion of the food sold at Burger King contains trans fatty acids ("trans fats"). (*Id.* at ¶ 24.) Trans fats are recognized to increase LDL cholesterol levels and increase the risk of heart disease and diabetes. (*Id.* at ¶ 19.) Some studies have suggested that eliminating trans fats from American diets could dramatically reduce the number of heart attacks annually. (*Id.* at ¶ 21.) CSPI filed this action on behalf of itself, its D.C. Members, and on behalf of the interests of the general public. (*Id.* at ¶ 18.) Plaintiff alleges that Burger King's failure to discontinue its use of products containing trans fats and its failure to adequately warn consumers of the potential health risks associated with the consumption of trans fats violates the D.C. Consumer Protection Procedures Act ("DCCPPA"). (*Id.* at ¶¶ 35-44.) CSPI seeks declaratory and injunctive relief against Burger King.

## ANALYSIS

### I.     Standard of Review

Plaintiff moves to remand the case pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "If the federal court lacks subject-matter jurisdiction, remand is *mandatory* and not reviewable on appeal." *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 177-178 (D.D.C. 2003) (emphasis added) (citing *Republic of Venezuela v. Philip Morris Inc.*, 287

F.3d 192, 196 (D.C. Cir. 2002)); *see also Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 10 (D.D.C. 2007). Defendant bears the burden of proving the propriety of removal. *Johnson-Brown*, 257 F. Supp. 2d at 177. The Court must strictly construe removal status because of federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). The Court must also resolve any ambiguities concerning the propriety of removal in favor of remand. *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).

## II.   Subject Matter Jurisdiction

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. CONST. art III, § 2. Justiciability doctrines – such as standing, ripeness, and mootness – ensure that federal courts limit their jurisdiction to such cases and controversies as prescribed in Article III. *See A.N.S.W.E.R. Coalition v. Kempthorne*, 493 F. Supp. 2d 34, 38-39 (D.D.C. 2007) (Federal courts have no subject matter jurisdiction "where the plaintiff lacks standing, or where the case is not justiciable because it is either moot or not yet ripe."). At issue in this case is whether CSPI has standing to pursue its DCCPPA claims in federal court. In order to satisfy the constitutional standing requirements, a plaintiff must establish that he or she has (1) suffered an injury in fact, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," (2) which is fairly traceable to the challenged act, and (3) is likely to be redressed by a favorable decision. *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C.

Cir. 1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). For the following reasons, CSPI has not met this burden.

First and foremost, both plaintiff and defendant *agree* that CSPI does not have standing to sue in federal court. They agree that CSPI and the members and consumers it purports to represent have not suffered an injury in fact sufficient to meet the constitutional standing requirements under Article III. (*See* Pl.'s Mem. Support Mot. Remand 4 ("CSPI suffered no traditional injury in fact under Article III."); Def.'s Mem. Opp'n to Pl.'s Mot. Remand 4 ("[I]n order for CSPI to have standing to bring suit on behalf of its members, the members must have suffered an actionable injury-in-fact, and they have not.").)

Second, even a cursory review of plaintiff's complaint reveals that CSPI has failed to allege an injury in fact sufficient to establish Article III standing. CSPI simply asserts that "Burger King's failure to: (1) discontinue its use of products containing trans fats and (2) warn its customers that it is subjecting them to serious and unnecessary health risks is outrageous, and harms the health of its customers." (Compl. ¶ 35.) CSPI does not allege any personal or economic injury suffered by itself or its members. Such generalized grievances are insufficient to establish constitutional standing for claims brought under DCCPPA. *See Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 178 (D.D.C. 2003) (holding that plaintiff organization did not have standing to bring DCCPPA claim where plaintiff had asserted no injury from misleading drug advertisements); *Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d 24, 28-29 (D.D.C. 2007) (holding that plaintiff did not have

standing to bring DCCPPA claim where plaintiff alleged general grievances against fast food restaurant for failure to warn consumers about the presence of trans fat in its food).

Finally, as a result of the plaintiff's lack of standing, the Court need not reach Burger King's other jurisdictional arguments and cannot reach Burger King's merits arguments.[1] The Court therefore remands this case to the D.C. Superior Court, from which it was removed by Burger King.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and DENIES as moot defendant's motion to dismiss. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[1] Burger King asserts that the Court should dismiss CSPI's suit because remand would be futile since, upon remand, the D.C. Superior Court will likely dismiss the case for lack of standing. (*See* Def.'s Mem. Opp'n to Pl.'s Mot. Remand 5-7 ("Because the D.C. Superior Courts apply the same standing requirements as the D.C. federal courts, CSPI's concession that it has not alleged sufficient injury-in-fact to confer standing in federal court will inevitably lead to dismissal of any remanded lawsuit.").) No such "futility exception" to 28 U.S.C. § 1447(c) has been adopted by the Supreme Court or this Circuit and this Court will create no such exception here. *See Randolph*, 486 F. Supp. 2d at 11 ("[T]he 'futility exception' recognized by the Fifth and Ninth Circuits has been expressly rejected by the Third, Fourth, Seventh, and Tenth Circuits, the First and Second Circuits have not adopted a futility exception when given the opportunity to do so, and the Supreme Court, in dicta, has expressed a reluctance to recognize a futility exception."). In light of the D.C. Circuit's instruction that "[w]hen it appears that a district court lacks subjection matter jurisdiction over a case that has been removed from a state court, the district court must remand the case," remand, not dismissal, is the appropriate course of action here. *See Republic of Venezuela*, 287 F.3d at 196.